Cite as 2022 Ark. App. 265

# ARKANSAS COURT OF APPEALS

DIVISION I
No. CV-21-567

| | |
|---|---|
| BRANDON BIRDSONG<br><br>APPELLANT<br><br>V.<br><br>ARKANSAS DEPARTMENT OF HUMAN SERVICES AND MINOR CHILDREN<br><br>APPELLEES | Opinion Delivered May 25, 2022<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, EIGHTH DIVISION<br>[NO. 60JV-20-514 ]<br><br>HONORABLE TJUANA BYRD, JUDGE<br><br><br>AFFIRMED; MOTION TO WITHDRAW GRANTED |

**MIKE MURPHY, Judge**

Brandon Birdsong appeals the termination of his parental rights to his two children. Birdsong's counsel has filed a motion to withdraw and a no-merit brief pursuant to our rules and caselaw stating there are no meritorious grounds to support an appeal. Ark. Sup. Ct. R. 6-9(j) (2021); *Linker-Flores v. Ark. Dep't of Hum. Servs.*, 359 Ark. 131, 194 S.W.3d 739 (2004). Our court clerk mailed a copy of counsel's motion and brief to Birdsong's last known address informing him of his right to file pro se points for reversal. Birdsong has not filed pro se points for reversal, and the Arkansas Department of Human Services (DHS) has not filed a brief. We affirm the termination of Birdsong's parental rights and grant his counsel's motion to withdraw.

The children were taken into DHS custody in June 2020 due to allegations of sexual abuse, mother's drug usage, mother's mental health, and inadequate supervision. At the time of removal, Birdsong was incarcerated for forgery, cocaine possession, and drug paraphernalia. He remained incarcerated throughout the case. On June 9, 2021, DHS filed a petition to terminate Birdsong's parental rights, alleging that termination of parental rights would be in the children's best interest. DHS pleaded four grounds pertaining to Birdsong: twelve months out of the home, Ark. Code Ann. §9-27-341(b)(3)(B)(i)(b) (Supp. 2021); subsequent factors, Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(a); incarcerated for a substantial period of child's life, Ark. Code Ann. § 9-27-341(b)(3)(B)(viii); and aggravated circumstances, Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(a)(3).

At the termination hearing, Birdsong testified that he would likely be eligible for parole within a few months. He planned to parole to his mother's house—she had withdrawn her request for placement of the children earlier in the case because of her criminal history. Birdsong acknowledged that he had been incarcerated three times for failing to report and for drug charges.

The caseworker testified that Birdsong interacted well with his children during virtual visits but that she recommended termination because the children deserved permanency in light of Birdsong's uncertain release date and his needing time to address his history of instability. The adoption specialist testified that the children are adoptable.

Following the hearing, the court terminated Birdsong's parental rights, noting that even if Birdsong was paroled, he would need time to establish residency and stable income

and that his history is not consistent with being a fit parent. The court stated that the time that would be needed to demonstrate stability was not consistent with the children's developmental needs and for permanency.

We review termination-of-parental-rights cases de novo. *Cheney v. Ark. Dep't of Hum. Servs.*, 2012 Ark. App. 209, 396 S.W.3d 272. An order terminating parental rights must be based on a finding by clear and convincing evidence that the termination is in the children's best interest. The circuit court must consider the likelihood that the children will be adopted if the parent's rights are terminated and the potential harm that could be caused if the children are returned to a parent. *Harper v. Ark. Dep't of Hum. Servs.*, 2011 Ark. App. 280, 378 S.W.3d 884.

The circuit court must also find that one of the grounds stated in the termination statute is satisfied. *Id.* Clear and convincing evidence is that degree of proof that will produce in the fact-finder a firm conviction that the allegation has been established. *Pratt v. Ark. Dep't of Hum. Servs.*, 2012 Ark. App. 399, 413 S.W.3d 261. When the burden of proving a disputed fact is by clear and convincing evidence, we ask whether the circuit court's finding on the disputed fact is clearly erroneous. *Id.* A finding is clearly erroneous when, although there is evidence to support it, we are left with a definite and firm conviction that a mistake has been made. *Id.*

In dependency-neglect cases, if after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit brief and move to withdraw. Ark. Sup. Ct. R. 6-9(j)(1). The brief

3

must include an argument section that lists all adverse rulings that the parent received at the circuit court level and explain why each adverse ruling is not a meritorious ground for reversal. Ark. Sup. Ct. R. 6-9(j)(1)(A). The brief must also include a statement of the case and the facts containing all rulings adverse to the appealing parent that were made during the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(j)(1)(B); Ark. Sup. Ct. R. 4-2(a)(7).

In Birdsong's counsel's no-merit brief, counsel correctly asserts that the only adverse ruling was the termination itself and that there can be no meritorious challenge to the sufficiency of the evidence supporting termination of Birdsong's parental rights. Though the court found two grounds for termination, only one ground is necessary to support termination. *Cox v. Ark. Dep't of Hum. Servs.*, 2022 Ark. App. 26, at 4–5. In this case, it is undisputed that Birdsong had been incarcerated since the proceeding initiated. Arkansas Code Annotated section 9-27-341(b)(3)(B)(i)(*b*) allows for termination if it is in the children's best interest, the children have been adjudicated dependent-neglected, the children have been out of the noncustodial parent's home for at least twelve months, and despite a meaningful effort by DHS to rehabilitate the parent or the conditions preventing placement, the conditions were not remedied.

The record before us supports this ground. The children had been out of Birdsong's home for well over twelve months, and he still did not have a safe place for them at the time of termination. Regarding services, as the court noted in its order, "[t]he offer of services and

their completion is limited by Mr. Birdsong's choices that led him to spend the entirety of this case in prison."

Next, counsel states that any argument challenging the circuit court's best-interest findings would be wholly frivolous. Pursuant to Arkansas Code Annotated section 9-27-341(b)(3), an order forever terminating parental rights shall be based on a finding by clear and convincing evidence that it is in the best interest of the juvenile, including consideration of the likelihood that the juvenile will be adopted and the potential harm to the health and safety of the juvenile if returned to the custody of the parent.

Here, the court's termination order stated it considered the likelihood the juveniles would be adopted, and it relied on the undisputed testimony that the children are adoptable, which is sufficient evidence supporting this element of the best-interest analysis. *Cox*, 2022 Ark. App. 26. Concerning the second factor, potential harm must be viewed in a forward-looking manner and considered in broad terms. *Id.* Here, the court found the children at risk of potential harm due to Birdsong's "long history of drug addiction, repeated incarceration, and lack of stability and no residence today as he is incarcerated." This finding is supported by the record, and it cannot be meritoriously argued that there was insufficient evidence to support the court's finding that the children would be subject to potential harm if returned to Birdsong's care.

Having examined the record and Birdsong's counsel's brief, we have determined that this appeal is wholly without merit. Accordingly, we affirm the order terminating Birdsong's parental rights and grant his counsel's motion to be relieved from representation.

Affirmed; motion to withdraw granted.

GLADWIN and BARRETT, JJ., agree.

*Leah Lanford*, Arkansas Commission for Parent Counsel, for appellant.

One brief only.